IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| CONNIE D. HUBBLE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CASE NO. CIV-05-412-KEW |
|  | ) |  |
| JO ANNE B. BARNHART, | ) |  |
| Commissioner, Social Security | ) |  |
| Administration, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

Claimant, Connie D. Hubble, pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Claimant's application for disability benefits under the Social Security Act. In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge. Any appeal of this order will be directly to the Tenth Circuit Court of Appeals. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, the Court REVERSES AND REMANDS the Commissioner's decision.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment..." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his "physical or mental impairment or impairments are of such severity that he is not only

unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy..." Id. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term substantial evidence has been interpreted by the U.S. Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not reweigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also Casias,

---

[1]Step one requires claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. See id. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

933 F.2d at 800-01.

## Claimant's Background

Claimant was born on October 4, 1952, and was 52 years old at the time of the last hearing. She has a high school education. Earlier in her life, Claimant worked as a cook, farm worker, medical assistant, checker, and telephone company investigator. Claimant alleges an inability to work beginning December 7, 2000, due to cervical radiculopathy, right carpal tunnel syndrome, coronary artery disease, and depression.

## Procedural History

On February 26, 2002, Claimant applied for disability benefits under Title II (42 U.S.C. § 401, et seq.). Claimant's application for benefits was denied in its entirety initially and upon reconsideration. A hearing before ALJ, Dean A. Metry was held on September 24, 2002 in McAlester, Oklahoma. By decision dated February 27, 2003, the ALJ found that Claimant was not disabled at any time through the date of the decision. On May 9, 2003, the Appeals Council denied review of the ALJ's findings. On January 20, 2004, the Unites States District Court for the Eastern District of Oklahoma reversed and remanded the case for further administrative proceedings.

A subsequent claim for benefits was filed under Title II and Title XVI (42 U.S.C. § 1381 et seq.) on March 12, 2003. Claimant's application for benefits was denied in its entirety on August 15, 2003 and upon reconsideration on September 19, 2003. These applications were consolidated and considered in conjunction with the prior February 26, 2002 claim.

Hearings were held on August 13, 2004 and October 26, 2004 in McAlester, Oklahoma before ALJ, Michael A. Kirkpatrick. By decision dated January 27, 2005, the ALJ found that

Claimant was not disabled at any time through the date of the decision. On September 18, 2005, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined Claimant retained the residual functional capacity (RFC) to perform a significant range of light work. The Medical-Vocational Guidelines (GRIDS) were utilized as a framework to determined that there were a significant number of jobs in the national economy that she could perform.

Based on the applications filed on February 26, 2002, and March 12, 2003, Claimant was not found to be entitled to a period of disability for benefits under either Title II or Title XVI.

## Review

Claimant asserts the Commissioner, through the ALJ and the Appeals Council, erred in (1) failing to find that he met the requirements for a listed impairment; (2) failing to attribute the appropriate weight to the opinion from the treating physician; and (3) failing to include limitations found by the treating physician in the RFC assessment.

## Step Three Analysis

At step three of the sequential evaluation, a determination must be made whether the Claimant's impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe that they preclude an individual from performing substantial gainful activity. Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996). Claimant

4

contends the ALJ erred by failing to find that her impairments meet or equal the criteria for Listing 1.04A.

For Claimant to qualify under Listing 1.04A, she must have a disorder of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) resulting in a compromise of a nerve root (including the cauda equina) or the spinal cord. Additionally, Claimant must show evidence of a nerve root compression characterized by neuro-atatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss. If there is involvement of the lower back, Claimant must have a positive straight-leg raising test (sitting or supine). 20 C.F.R. Pt 404, Subpt.P, App.1 § 1.04A.

The ALJ found that the medical evidence did not meet the criteria of Listing 1.04, despite some evidence of cervical radiculopathy, because there was no evidence showing nerve root compression, arachnoiditis, or spinal stenosis. Next, the ALJ included a detailed summary of the medical evidence supporting his conclusion Claimant did not meet the requirements of a listed impairment.

Claimant's voluminous medical records have been thoroughly reviewed by this court. Although Claimant suffers from numerous limitations the evidence fails to show the severity of symptoms required to meet the requirements of Listing 1.04A. As such, the ALJ's determination at step three of the sequential evaluation did not constitute error.

## **Treating Physician Rule**

Claimant also asserts the ALJ improperly rejected the opinion from the treating physician, Timothy G. Pettingell, M.D., and further erred by failing to include physical

5

limitations found by the treating physician in his RFC assessment. Dr. Pettingell examined Claimant on April 23, 2001, diagnosing chronic right myofascial pain predominantly involving the right cervical paraspinal muscles and right upper trapezius muscles. He also diagnosed persistent headaches, most likely related to myofascial neck pain. Physical therapy was reinstated subsequent to trigger point injections with emphasis placed upon neck range of motion, myofascial release techniques and deep massage. (Tr. 209-211). On May 30, 2001, Dr. Pettingell released Claimant to return to work with restrictions effective from May 20, 2001 to June 15, 2001. Restrictions included frequent lifting up to 10 pounds; frequent pushing and pulling up to 20 pounds; and no overhead, above chest, or away from the body reaching with the right arm. (Tr. 221). On December 4, 2001, Dr. Pettingell discussed the Claimant's functional capacity evaluation (FCE) performed November 30, 2001. He found that the information from the evaluation was of minimal value concerning the Claimant's true functional status and raised the question of malingering and/or symptom magnification concerning the right shoulder and neck symptoms as well as the subjective symptoms of collapsing and loss of consciousness. Therefore, he did not have any further recommendations regarding maximum medical improvement or permanent work restrictions. Dr. Pettingell stated that there was no change concerning recommendations of maximum medical improvement or permanent work restrictions beyond that already stated in previous clinic notes. (Tr 212-213).

  In his decision, the ALJ discussed the medical reports from Dr. Pettingell including the release to return to work with restrictions that included, among other things, the limited use of the right hand to reach overhead, above chest level, or away from her body. Additionally, he also noted Dr. Pettingell's discussion of the FCE and his opinion that the evaluation raised

6

questions of malingering or symptom magnification. (Tr. 387-388).

In assessing Claimant's RFC, the ALJ determined that she retained the ability to perform a significant range of light work. Light work is defined to involve lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of leg and arm controls. To be considered capable of performing a full or wide range of light work, an individual must have the ability to do substantially all of these activities. (Tr. 393).

Treating physicians' opinions are entitled to controlling weight if they are"well-supported by medically acceptable clinical and laboratory diagnostic techniques." Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004). If the opinion is supported by such established techniques, the ALJ must then "confirm that the opinion is consistent with other substantial evidence in the record. Id. If the opinion is deficient in either respect, it is not entitled to controlling weight. Id. citing Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). If an ALJ chooses to reject a treating physician's assessment, he may not "make speculative inferences from medical reports and may reject the treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th cir. 2002).

Here, the ALJ appears to adopt the opinion from the treating physician with the exception of the limitations on reaching overhead, above the chest level, or away from the body. However, the ALJ fails to explain the reason that these limitations were rejected and not

7

included in his RFC assessment.  Absent this explanation, the ALJ's conclusions are not supported by substantial evidence.  On remand, the ALJ is directed to address the weight attributed to the treating physician's opinion.  If any part of the treating physician's opinion is rejected, the reasons supporting those conclusions must be discussed so as to withstand appellate scrutiny.

## **Conclusion**

The Magistrate Judge finds that the decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be REVERSED AND REMANDED for further administrative proceedings as set forth herein.

DATED this 16th day of October, 2006.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE