# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CONNIE D. HUBBLE,                )
                                 )
            Plaintiff,           )
                                 )
v.                               ) Case No. CIV-05-412-KEW
                                 )
JO ANNE B. BARNHART,             )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act filed October 30, 2006 (Docket Entry #17). Plaintiff seeks an award of $8,317.10 in fees and $13.95 in costs for her counsel as a result of the successful reversal and remand of the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) in this Court. Defendant objects to the fee requested, asserting it is excessive because (1) counsel reviewed the file twice to refresh her memory; (2) counsel brief non-unique issues of which only one resulted in reversal; and (3) counsel could have relied upon prior counsel's arguments before the Appeals Council to construct her brief, resulting in a savings in the ultimate fees sought.

Necessarily, time will be expended in the preparation of the case for filing, including the drafting of the complaint and a reasonable amount of time in developing the theory of the case. Cameron v. Barnhart, 2002 WL 31079435, 3 (10th Cir. (Okla.)). This Court has reviewed the time expended by Plaintiff's counsel in this

regard and find it to be reasonably and, thus, compensable.

Plaintiff's counsel expended a total amount of 47.7 hours in the preparation and presentation of this case, resulting in a successful reversal and remand. The time expended in this case giving rise to the requested fees is not substantially different from other cases for which fees have been awarded involving like issues and a successful result. This Court will not routinely engage in a hindsight review of an attorney's allocation of time to a given work product, so long as the overall time for which compensation is sought is reasonable. In this case, Plaintiff's counsel's request falls within the parameters of reasonableness and will be allowed.

As for counsel's failure to follow the appropriate procedure in obtaining costs, this Court recognizes that the local rules in this District only recently were amended and the procedure employed by counsel in this case was routinely accepted. This Court will permit the requesting of costs in the application itself on this occasion but counsel is forewarned that an appropriate bill of costs will be the exclusive acceptable method for requesting costs in the future.

IT IS THEREFORE ORDERED that Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #17) is hereby **GRANTED**. Plaintiff is awarded total fees in the amount of $8,317.10 and costs of $13.95. Given the clear language of the statute governing the payment of EAJA fees, the award shall be made to Plaintiff. In addition, should

Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 407(b)(1), he shall refund the smaller amount to Plaintiff.  <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 18th day of January, 2007.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma